IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUVENAL GUEVARA, JR. <br> (TDCJ No. 1907012), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-1635-G-BN |
| DONULD TRUMP, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action filed by a Texas prisoner has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Juvenal Guevara, Jr. pays the full filing fee of $400.00.

**Applicable Background**

Guevara brings this action against his family, President Trump, White House employees, multiple celebrities – including Magic Johnson, Oprah Winfrey, and Joel Osteen – and prison officials. *See* Dkt. No. 2. And he moves for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 3.

His current allegations appear similar to those made in another, recent action Guevara filed that was dismissed by another judge of this Court. *See Guevara v. No Last Name*, No. 3:18-cv-2389-B-BK, Dkt. No. 5 at 3 (N.D. Tex. Sept. 9, 2018) ("As in his previous cases, Guevara complains that he is in imminent danger because TDCJ officers, Patricia Valdez, and various celebrities such as Jennifer Lopez and Kim Kardashian are trying to kill him and rape him with their 'soul bod[ies]' and are contaminating his food." (citation omitted)), *rec. accepted*, Dkt. No. 7 (N.D. Tex. Oct. 9, 2018). In that case, the court also recounted Guevara's abusive litigation history:

> Guevara has accrued three strikes under section 1915(g). Before this lawsuit was filed, district courts in Texas dismissed as frivolous under 28 U.S.C. § 1915(e) four non-habeas, civil actions that Guevara filed while confined as an inmate. *See Guevara v. Valdez, et al.*, 1:17-CV-924 (W.D. Tex. Sep. 27, 2017) (dismissing as frivolous); *Guevara v. Patricia Valdez*, No. 3:16-CV-2602-G-BN, 2017 WL 401243 (N.D. Tex. Jan. 9, 2017), *R. & R. accepted*, 2017 WL 401243 (N.D. Tex. Jan. 30, 2017) (dismissing with prejudice under section 1915(e)); *Guevara v. Patricia Valdez*, 4:16-CV-3264 (S.D. Tex. Jan. 23, 2017) (dismissing as frivolous); *Guevara v. Resendez*, 1:16-CV-86 (W.D. Tex. February 29, 2016) (same). One court also held previously that Guevara is barred from filing civil lawsuits by the PLRA three-strikes provision. *See Guevara v. Patricia Valdez, et al.*, No. 6:18-CV-17 (W.D. Tex., Waco Div., Jan. 23, 2018).

*Guevara*, No. 3:18-cv-2389-B-BK, Dkt. No. 5 at 2.

## Legal Standards and Analysis

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to this bar is when the prisoner is "under imminent danger

-2-

of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

Thus, the "specific allegations" must reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms – which should be corroborated by medical records or grievances – is not sufficient to allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir.

-3-

Jan. 31, 2012) (per curiam). And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Guevara's current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations – that are also not fanciful, fantastic, or delusional – to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g). The Court should therefore bar Guevara from proceeding IFP. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Juvenal Guevara, Jr. pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

-4-

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE